961 A.2d 703

IN THE MATTER OF THOMAS DELANEY ALLEN, JR., AN ATTORNEY AT LAW.

December 11, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–114, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **THOMAS DELANEY ALLEN, JR.,** formerly of **TRENTON,** who was admitted to the bar of this State with conditions on June 29, 2004, should be suspended from the practice of law for a period of six months for violating *RPC* 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), *RPC* 5.5(a) (practicing law while ineligible), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should provide proof of his sobriety and fitness to practice law, and that he should comply with the conditions imposed by the Court in its Order of conditional admission filed June 29, 2004, including that he refrain from the use of all intoxicating substances, attend regular and frequent meetings of Alcoholics Anonymous, refrain from solo practice, and certify to the Court that he is in compliance with the Court's Order;

And **THOMAS DELANEY ALLEN, JR.,** having failed to appear on the Order directing him to show cause why he should not

be disbarred or otherwise disciplined and why his license to practice law should not be revoked;

And the Court having determined that substantial discipline is required because of respondent's repeated lapses of sobriety and submission of certifications falsely attesting to compliance with the terms of his conditional admission, thereby jeopardizing respondent's license to practice law and risking revocation of the license;

And good cause appearing;

It is ORDERED that **THOMAS DELANEY ALLEN, JR.,** is suspended from the practice of law for an indefinite period of time and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his sobriety and fitness to practice law as attested to by a mental health professional and a substance abuse counselor approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall comply with the conditions imposed by Order of the Court on June 29, 2004, until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.